**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>**100 F Street, N.E.**<br>**Washington, D.C. 20549**<br><br>Plaintiff,<br><br>v.<br><br>**FRANKLYN A. CAINE,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

**CONSENT OF DEFENDANT FRANKLYN A. CAINE**

1.      Defendant Franklyn A. Caine ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which among other things orders Defendant to pay $550,000 in disgorgement plus interest accrued thereon in the amount of $156,072 and a civil monetary penalty in the amount of $125,000 under Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].

3.      Defendant acknowledges that the civil penalty and disgorgement paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made,

the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement and pre-judgment interest in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 58 of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein.

12.    Defendant understands and agrees to comply with the Commission's policy "not

to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

while denying the allegation in the Complaint or order for proceedings." 17 C.F.R. § 202.5. In

compliance with this policy, Defendant agrees not to take any action or to make or permit to be

made any public statement denying, directly or indirectly, any allegation in the Complaint or

creating the impression that the Complaint is without factual basis. If Defendant breaches this

agreement, the Commission may petition the Court to vacate the Final Judgment and restore this

action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial

obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings

in which the Commission is not a party.

13.    Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

pursue reimbursement of attorneys' fees or other fees, expenses, or costs expended by Defendant

to defend against this action. For these purposes, Defendant agrees that Defendant is not the

prevailing party in this action since the parties have reached a good faith settlement.

14.    In connection with this action and any related judicial or administrative

proceeding or investigation commenced by the Commission or to which the Commission is a

party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and

places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile

transmission of notices or subpoenas issued by the Commission for documents or testimony at

depositions, hearings, or trials, or in connection with any related investigation by Commission

staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices

and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on

service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local

rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and

subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to

personal jurisdiction over Defendant in any United States District Court for purposes of

enforcing any such subpoena.

      15.    Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

      16.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.


Dated: _September 28, 2006_        _____

                                        Franklyn A. Caine


      The foregoing instrument was acknowledged before me this _28 TH_ day of
_September_, 2006, by Franklyn A. Caine, who ___is personally known to me or X who
has produced a _MASS_ driver's license as identification and who did take an oath.

                                    _____
                                    Notary Public
                                    Commission expires:

BRENDAN M. CAULFIELD
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
May 3, 2013

Approved as to form:

Joseph I. Goldstein
Mayer Brown Rowe & Maw
1909 K Street N.W.
Washington, D.C. 20006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, N.E.<br>Washington, D.C.  20549 | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    Civil Action No.<br>) |
| FRANKLYN A. CAINE, | )<br>) |
| Defendant. | )<br>) |

## FINAL JUDGMENT AS TO DEFENDANT FRANKLYN A. CAINE

The Securities and Exchange Commission having filed a Complaint and Franklyn

A. Caine ("Defendant") having entered a general appearance, consented to the Court's

jurisdiction over Defendant and the subject matter of this action, consented to entry of

this Final Judgment without admitting or denying the allegations of the Complaint

(except as to jurisdiction), waived findings of fact and conclusions of law, and waived

any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant shall

pay disgorgement of $550,000 plus pre-judgment interest accrued thereon in the amount

of $156,072 and shall pay a civil penalty in the amount of $125,000 pursuant to Section

20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the

Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this

obligation by paying $831,072.00 within ten business days to the Clerk of this Court,

together with a cover letter identifying Franklyn A. Caine as a defendant in this action;
setting forth the title and civil action number of this action and the name of this Court;
and specifying that payment is made pursuant to this Final Judgment. Defendant shall
simultaneously transmit photocopies of such payment and letter to the Commission's
counsel in this action. By making this payment, Defendant relinquishes all legal and
equitable right, title, and interest in such funds, and no part of the funds shall be returned
to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts
pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court
Registry Investment System ("CRIS") or any other type of interest bearing account that is
utilized by the Court. These funds, together with any interest and income earned thereon
(collectively, the "Fund"), shall be held in the interest bearing account until further order
of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director
of the Administrative Office of the United States Courts, the Clerk is directed, without
further order of this Court, to deduct from the income earned on the money in the Fund a
fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that
authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to
the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to
the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.
Regardless of whether any such Fair Fund distribution is made, amounts ordered to be
paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the
government for all purposes, including all tax purposes. To preserve the deterrent effect

of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement and pre-judgment interest in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the Consent of Defendant Franklyn A. Caine is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is ordered to enter this Final Judgment against Defendant forthwith and without further notice.

SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE