**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) |
| **100 F Street, N.E.** | ) |
| **Washington, D.C.  20549** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 07-0494** |
| | ) |
| **FRANKLYN A. CAINE,** | ) |
| **21 Dexter Street** | ) |
| **Dedham, MA 02026** | ) **PLAINTIFF'S MOTION** |
| | ) **TO CONSOLIDATE** |
| | ) **ACTIONS** |
| | ) |
| **Defendant.** | ) |

_____)

### THE SEC'S MOTION TO CONSOLIDATE ACTIONS

The Securities and Exchange Commission ("SEC" or "Commission") respectfully

requests that the Court enter an Order consolidating this action and three other SEC enforcement

actions (SEC v. Raytheon Company et al., 06-1182, GK (D.D.C.); SEC v. Gray, 07-0495 GK

(D.D.C.); and SEC v. Pliner, 07- 0495 GK (D.D.C.) [collectively, the Raytheon Enforcement

Actions]), all of which alleged violations of the federal securities laws in connection with the

accounting of Raytheon Company.  Final judgments have been entered against the defendants in

all four actions.  Pursuant to these final judgments, six defendants have paid disgorgement,

prejudgment interest and/or penalties in the total amount of $14,776,840.65.  These funds were

paid to the Clerk of this Court and deposited into separate interest-bearing accounts (the

"Distribution Funds").  Each final judgment provides, in part, that the Distribution Funds may

be distributed pursuant to the Fair Fund provisions of the Section 308(a) of the Sarbanes-Oxley

Act of 2002.

The SEC now seeks to consolidate the four Raytheon Enforcement Actions for purposes of distributing the Distribution Funds to investors who purchased Raytheon stock during the time of the fraudulent accounting.  Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate because, for distribution purposes, the actions involve common questions of fact and law.

Joint administration of the Distribution Funds from these four actions would promote efficiency and maximize the funds returned to investors.  Administering these cases separately would require the appointment of multiple distribution agents, who would have to identify and send notices to many of the same claimants, review possibly redundant proofs of claim, and distribute multiple checks to many of the same investors.  Such an unwieldy process would also likely confuse and inconvenience investors, who would receive multiple notices and be required to submit multiple claims forms.  Consolidation, by contrast, would permit, a single distribution agent to conduct unified notice and claims administration procedures.  This would reduce the overall costs of the distribution process, which are paid out of the Distribution Funds and thus ultimately borne by the defrauded investors.

**WHEREFORE**, for all the foregoing reasons, the Commission respectfully requests that this Court enter the attached Proposed Order and grant such other relief as the Court deems just and proper.

Dated:  September 26, 2007                            Respectfully submitted,

                                                     s/ John D. Worland, Jr.
                                                    John D. Worland, Jr. (DC Bar No. 427797)
                                                    Timothy N. England
                                                    Beth Collier Groves
                                                    Attorneys for Plaintiff
                                                    Securities and Exchange Commission
                                                    100 F Street, NE
                                                    Washington, DC  20549
                                                    (202) 551-4438

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| 100 F Street, N.E. ) | |
| Washington, D.C. 20549 ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 06-1182** |
| ) | |
| **RAYTHEON COMPANY, DANIEL P. BURNHAM,** ) | |
| **and ALDO R. SERVELLO,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| 100 F Street, N.E. ) | |
| Washington, D.C. 20549 ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 07-00494** |
| ) | |
| **FRANKLYN A. CAINE,** ) | |
| 21 Dexter Street ) | |
| Dedham, MA 02026 ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| 100 F Street, N.E. ) | |
| Washington, D.C. 20549 ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 07- 00495** |
| ) | |
| **EDWARD S. PLINER,** ) | |
| 13 Locust Street ) | |
| Salem, MA 01970 ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

|  | ) |  |
| --- | --- | --- |
| **SECURITIES AND EXCHANGE COMMISSION,** | ) | |
| **100 F Street, N.E.** | ) | |
| **Washington, D.C.  20549** | ) | |
|  | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 07-00496** |
|  | ) | |
| **JAMES E. GRAY,** | ) | |
| **13498 East Columbine Drive** | ) | |
| **Scottsdale, AZ 85260** | ) | |
|  | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### [PROPOSED] ORDER TO CONSOLIDATE ACTIONS

The Court having reviewed the Securities and Exchange Commission's motion to consolidate actions and for good cause shown,

**IT IS HEREBY ORDERED:**

1.  Pursuant to Final Judgments and Final Orders entered in these four Securities and Exchange Commission ("SEC") enforcement actions, Defendants Raytheon Company, Daniel P. Burnham, Aldo R. Servello, Franklyn A. Caine, Edward S. Pliner and James E. Gray have paid disgorgement, prejudgment interest and/or penalties in the total amount of $14,776,840.65. These funds were paid to the Clerk of this Court and deposited into separate interest-bearing accounts (the "Distribution Funds").   Each final judgment provides, in part, that the Distribution Funds may be distributed pursuant to the Fair Fund provisions of the Section 308(a) of the Sarbanes-Oxley Act of 2002.

2.  The Court hereby orders that the above-captioned actions are consolidated for administrative purposes and eventual distribution to investors.


Dated: _____


                                   _____
                                     UNITED STATES DISTRICT JUDGE

3